**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**PAUL SCIACCHITANO,**

                                Plaintiff,

            vs.

**NEW YORK CITY POLICE**
**DEPARTMENT OFFICER ERIC PENA**
**(SHIELD NO. 7798),**

                                Defendant.

**COMPLAINT**

**Index No. _____**

---

Plaintiff Paul Sciacchitano, by his attorney at Rickner PLLC, complaining of the Defendant, respectfully alleges the following:

<b>PRELIMINARY STATEMENT</b>

1.      This is a civil rights action brought to vindicate Paul Sciacchitano's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, as amended, codified as 42 U.S.C. § 1983.

2.      Paul Sciacchitano's rights were violated when officer Eric Pena of the New York City Police Department ("NYPD") unconstitutionally assaulted him in manner constituting a gross abuse of authority.  By reason of defendants' actions, Mr. Sciacchitano was deprived of his constitutional rights.

3.      Mr. Sciacchitano also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over federal claims pursuant to 28

U.S.C. §§ 1331 and 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988

and the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that Plaintiff's claim arose

in the Eastern District of New York.

6.      An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988

## JURY DEMAND

7.       Paul Sciacchitano respectfully demands a trial by jury of all issues in this matter

pursuant to Fed. R. Civ. P. 38(b).

## THE PARTIES

8.      Paul Sciacchitano is, and was at all times relevant to this action, a resident of the

State of New York.

9.      NYPD Officer Eric Pena (Shield No. 7798) ("P.O. Pena") was at all times

relevant herein an officer, employee and agent of the NYPD. He is being sued in his individual

capacity.

10.      At all times relevant herein, P.O. Pena was acting under color of state law in the

course and scope of his duties and functions as an agent, servant, employee and officer of the

NYPD, and otherwise performed and engaged in conduct incidental to the performance of his

lawful functions in the course of his duties. He was acting for and on behalf of the NYPD at all

times relevant herein, with the power and authority vested in him as an officer, agent and

employee of the NYPD and incidental to the lawful pursuit of his duties as an officer, employee

and agent of the NYPD.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

11.     At approximately 7:00 pm p.m. on August 6, 2014, Mr. Sciacchitano was arrested by P.O. Pena at 581 Lamoka Avenue Side Apartments in Richmond County in the State of New York.

12.     Mr. Sciacchitano was with his girlfriend that evening.

13.     The police were called and P.O. Pena and another unknown officer arrived at that location.

14.     Mr. Sciacchitano was placed under arrest for allegedly cracking a window some weeks earlier.

15.     The handcuffs were placed maliciously tightly on Mr. Sciacchitano's wrists by P.O. Pena.

16.     Mr. Sciacchitano was taken to the 123rd Precinct at the southern tip of Richmond County.

17.     At the precinct, Mr. Sciacchitano asked P.O. Pena to let him use the bathroom, repeatedly.

18.     A bathroom was not provided and Mr. Sciacchitano was forced to urinate in the holding cell, which did not have a toilet.

19.     Apparently angered by this, P.O. Pena placed handcuffs on Mr. Sciacchitano again, even tighter than before.

20.     Mr. Sciacchitano was transported in exceedingly tight handcuffs to central booking nearly 20 miles away at the opposite end of Richmond County.

21.     Over the course of the approximately 45-minute drive, Mr. Sciacchitano soon lost feeling in his hands.

3

22.     Mr. Sciacchitano made numerous complaints to P.O. Pena, begging him to loosen the handcuffs.

23.     The handcuffs were not adjusted until they were removed at Central Booking.

24.     As a result of the conduct of P.O. Pena and P.O. Doe Mr. Sciacchitano was permanently injured, including bruises last a significant time after the incident, cramping and loss of feeling in his hands, and a swollen area on his right hand.

## FIRST CLAIM FOR RELIEF
## AGAINST P.O. ERIC PENA FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

25.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

26.     By his conduct and actions in using excessive force, P.O. Pena, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

27.     As a result of the foregoing, Plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, Plaintiff Paul Sciacchitano demands the following relief against

Defendant P.O. Pena:

      a.  Compensatory damages;

      b.  Punitive damages;

      c.  The convening and empaneling of a jury to consider the merits of the claims

          herein;

      d.  Costs and interest and attorney's fees;

      e.  Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
      July 7, 2017

Rickner PLLC

By: _____

      Rob Rickner

      233 Broadway Suite 2220
      New York, New York 10279
      Phone: (212) 965-9370
      Fax: (888) 390-5401
      *Attorney for Plaintiff*